USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA LEE SEGAL,<br><br>Plaintiff,<br><br>-v-<br><br>NYS OFFICE OF CHILDREN AND FAMILY SERVICES (OCFS),<br><br>Defendant(s). | 26-cv-8187 (LJL)<br><br>ORDER |

LEWIS J. LIMAN, United States District Judge:

There are currently five pending motions before the Court. Dkt. Nos. 18, 21, 22, 42, 44. This Order resolves all motions.

First, the Office of the New York Attorney General requests an extension of time to respond to the operative complaint. Dkt. No. 42. Upon good cause having been shown, that request is GRANTED. The State Defendants, as defined at Dkt. No. 42, have until November 25, 2026, at the latest, to respond.

Second, Plaintiff Samantha Lee Segal requests permission to participate in electronic case filing. Dkt. No. 21. That request is GRANTED.

Third, Plaintiff requests, across various motions, that this Court transfer the case back to the United States District Court for the Eastern District of New York. Dkt. Nos. 18, 22, 44. That request is DENIED. "Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts," and "courts should be loathe to revisit prior decisions of a coordinate court unless there are extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Wade Park Land Holdings, LLC v.*

*Kalikow*, 2023 WL 2614243, at *7 (S.D.N.Y. Mar. 23, 2023) (internal quotation marks omitted); *see also Hatteras Enters. Inc. v. Forsythe Cosmetic Grp., Ltd.*, 2016 WL 4083386, at *5 (E.D.N.Y. July 30, 2016) ("[T]he policies supporting the law of the case doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." (alteration adopted) (internal quotation marks omitted)); *HSM Holdings, LLC v. Mantu I.M. Mobile, Ltd.*, 2021 WL 3115486, at *3 (S.D.N.Y. July 21, 2021) (declining to retransfer venue that would result in "game of judicial ping-pong"). Once transfer is granted, courts should not retransfer the case back to the original court "except under the most impelling and unusual circumstances," which arise when "unanticipable post-transfer events frustrate the purpose of the original transfer," or if the transfer is "manifestly erroneous." *Wade Park*, 2023 WL 2614243, at *7–8 (internal quotation marks omitted).

Fourth and last, Plaintiff's letter motion at Dkt. No. 44 is stylized as a "First Letter Motion for Conference," but a conference is not requested as specific relief in that filing. Dkt. No. 44 (titled "Letter Motion to Conference"). The request is DENIED. The Court will hold an initial pretrial conference in this matter in due course.

The Clerk of Court is respectfully directed to close all open motions.

SO ORDERED.

Dated: October 23, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge