**11/25/2026**
***From the Desk of Samantha Lee Segal, Esquire***
*Rutgers University Class of 2000*
*Jacob D. Fuschsberg - Touro Law Center Class of 2003*
*Admitted to Practice Law - State of New Jersey 2003*
*Admitted to Practice - Law State of New York 2004*
Admitted to Practice Law in the United States District Court
Districts of New Jersey, Eastern District of New York, Western District of New York

RE: Pro Se Plaintiff Case 1:26-cv-08187-LJL
Segal v. NYS OCFS (Former Employer) & Allied Security (State of New York Security Vendor)
36 Grafton Street
Greenlawn, NY 11740
Alternate Maling Address
The Law Office of Samantha L. Segal, PC
44 Broadway Ste #2 Greenlawn, NY 11740
Alternate Mailing PO Box 641 Greenlawn, NY 11740
Re: Case 1:26-cv-08187-LJL – Response to Discovery Order dated 11/20/2026

United States District Court
Southern District New York
United States District Court Honorable Judge Lewis Liman
VIA Pacer/ECF

May it Please the Court,

Respectfully, please find below my response dated today 11/25/2026 to an order issued 11/20/2026, for a response to be filed within 2 business days to be submitted to this Honorable Court (Attached Order Docket #61).

Respectfully, I am pro se in this matter, and I did not receive a notice that a Motion/ Order to Show Cause was filed resulting in said order. With reget, I was in multiple specialties/surgical consult appointments per my treating physicians' (Dr. Jeff Silber Orthopedic Surgeon at North Shore LIJ and Dr. Andrew Serpe) medical orders during that time.

Accordingly, please find below my response to the Court's order dated 11/20/2026 Fed. R. Civ. P Rule 26 which mandates pre-discovery disclosure that were filed for compliance as this proceeding is not an exempted proceeding from pre-discovery disclosures per Rule 26(a)(1)(B) which sets forth, "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties per Fed. R. Civ. P 26 (1) (A)(i) – Known persons with discoverable information and Fed. R. Civ. P 26 (1) (A)(iii) – computation of damages. Accordingly, I submitted sad filings to comply with said Duty to Disclose as proceedings exempted from such pre-discovery disclosure are enumerated at para **(B) Proceedings Exempt from Initial Disclosure. The following proceedings being exempt from initial disclosure:** (i) an action for review on an administrative record; (ii) a forfeiture action in rem arising from a federal statute; (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence; (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision; (v) an action to enforce or quash an administrative summons or subpoena; (vi) an action by the United States to recover benefit payments; (vii) an action by the United States to collect on a student loan guaranteed by the United States; (viii) a proceeding ancillary to a proceeding in another court; and (ix) an action to enforce an arbitration award.

Accordingly, as the United States EEOC issued the plaintiff a Right to Sue Letter in the United States District Court on 9/10/2026 (Attached Ex 2) for wrongful public sector termination and employer violations of

plaintiff's Civil Rights and Americans With Disabilities Act, such proceeding is not an excepted proceeding from mandated pre-discovery disclosure of FRCP 26 (1) (A)(i) and Fed. R. Civ. P 26 (1) (A)(iii). **Accordingly, as per the Order dated 11/20/2026 discovery items query, such filings should not be stricken as prematurely filed.**

As to Fed. R. Civ. P. 5(d)(1)(A) disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses being mandated to file but until they are used in the proceeding, said disclosures are inclusive of the exempted proceedings / categories in Rule 26(a)(1)(B), which this proceeding is not exempted. In furtherance, these filings are to be used in this proceeding, inclusive at pre-discovery conferences, and the mandated Rule 26 (f) Conference of the Parties; Planning for Discovery.

Rule 26 (f) Conference of the Parties; Planning for Discovery

(1) *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Fed. R. Civ. P Rule 16(b) inclusive of 16 (b) 1 (B) Scheduling and Management which sets forth a party conference, "after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference".

Fed. R. Civ. P Rule 16(b):

(1) *Scheduling Order.* Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:

(B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference

(2) *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

Hence, the language of Fed. R. Civ. P 26 Duty to Disclose; General Provisions Governing Discovery(a) Required Disclosures which states," a party must, without awaiting a discovery request, provide to the other parties per Fed. R. Civ. P 26 (1) (A)(i) – Known persons with discoverable information and Fed. R. Civ. P 26 (1) (A)(iii) computation of damages, The plaintiff submitted said filings to comply with said Duty to Disclose, which is controlling compliance and the reason why said documents were filed, prior to separate discovery order, of this honorable Court.

As to the Court's query on 26 (2) filing, no such *Disclosure of Expert Testimony, as been filed pre-discovery, the only filings made were in the categories of* Fed. R. Civ. P 26 Duty to Disclose; General Provisions Governing Discovery(a) Required Disclosures which states," a party must, without awaiting a discovery request, provide to the other parties per Fed. R. Civ. P 26 (1) (A)(i) – Known persons with discoverable information and Fed. R. Civ. P 26 (1) (A)(iii) computation of damages, the plaintiff submitted sad filings to comply with said Duty to Disclose, is controlling compliance and the reason why said documents were filed, prior to separate discovery order, of this honorable Court.

**Accordingly, as per the Order dated 11/20/2026 discovery items query, such filings should not be stricken as prematurely filed.**

Respectfully Submitted,
Samantha L. Segal, Esquire
i/c/o Pro Se Plaintiff/ former State of NY
Employee AKA NYS OCFS Hon Samantha L Segal, Esquire
Special Hearings Bureau - Child Abuse Hearing/Child Welfare/

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 11/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

SAMANTHA LEE SEGAL,

Plaintiff,

-v-

NYS OFFICE OF CHILDREN AND FAMILY SERVICES (OCFS),

Defendant(s).

---------------------------------------------------------------------X

26-cv-8187 (LJL)

ORDER TO SHOW CAUSE

LEWIS J. LIMAN, United States District Judge:

Plaintiff has filed various discovery-related documents publicly on the docket. *See* Dkt. Nos. 54–58. Plaintiff is hereby ordered to show cause no later than November 24, 2026, why such filings should not be stricken. Pursuant to Federal Rule of Civil Procedure 5, "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses *must not be filed* until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." Fed. R. Civ. P. 5(d)(1)(A) (emphasis added).

SO ORDERED.

Dated: November 20, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/10/2026

**To:** Hon. Samantha L. Segal Esq.
36 Grafton Street
GREENLAWN, NY 11740

Charge No: 520-2025-02795

EEOC Representative and email: ARACELY FRANCOIS
INVESTIGATOR
ARACELY.FRANCOIS@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2025-02795.

On behalf of the Commission,

Digitally Signed By:Arlean Nieto
09/10/2026

Arlean Nieto
Deputy Director

**Cc:**

NA NA
Office of Children and Family Services - New York
163 W 125TH ST
NEW YORK, NY 10027

Kelly A Kamen Esq.
Per Ardua PLLC
10 Esquire Road Suite 10
NEW CITY, NY 10956

Please retain this Notice for your records.